IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MB RANCH KING MFG, LLC<br>Plaintiff<br><br>v.<br><br>ALL SEASONS FEEDERS, LTD<br>Defendant | §<br>§<br>§<br>§<br>§  C.A. No. 6:19-cv-00282<br>§<br>§<br>§ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff MB Ranch King MFG, LLC ("MB Ranch King") files this its original complaint against Defendant All Seasons Feeders, LTD ("ASF") and would show the Court the following:

## I.   PARTIES

1. Plaintiff MB Ranch King is a Texas limited liability company with its principal place of business in Joshua, Johnson County, Texas.

2. Defendant ASF is a Texas limited partnership with its principal place of business in San Antonio, Bexar County, Texas and may be served with summons and the complaint by and through its registered, Wilbron B. Gates, located at 8424 US Highway 87, San Antonio, Texas 78263.

## II.   JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, Title 35, United States Code, including §§ 271 and 281 to 287. Jurisdiction exists by reason of 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4. ASF has its principal place of business in San Antonio, Bexar County, Texas and has committed acts of infringement in Texas, including in this District. ASF has advertised,

marketed, and sold products that infringe patent rights claimed by MB Ranch King. ASF has also knowingly and intentionally placed infringing products into the stream of commerce for sale by its customers, distributors, and resellers.

### III. BACKGROUND

#### 1. The Parties

5. MB Ranch King is a company that manufactures and provides goods related to the hunting and fishing industries. MB Ranch King has extensive knowledge and experience regarding hunting and fishing, including the development of animal feeders, hunting blinds, trailer blinds and custom cabins and the development of certain intellectual property rights in these fields. MB Ranch King is the exclusive licensee of U.S. Patent No. 9,700,014 (the '014 Patent) entitled "Game Feeder" and U.S. Patent No. 10,098,331 (the '331 Patent) entitled "Automated Feeder Apparatus for Directionally Discharging Animal Feed." The '014 Patent was a continuation-in-part to an application filed November 26, 2013 and was issued on July 11, 2017. The '331 Patent was issued on October 16, 2018. True and correct copies of the '331 Patent are attached hereto as Exhibits A and B respectively.

6. ASF is a limited partnership also in the business of manufacturing and providing goods related to the hunting and fishing industries.

#### 2. Background of MB Ranch King's deer feeder invention

7. MB Ranch King's invention—as taught in the '014 Patent—relates to animal feeders for spreading feed material to attract and feed deer and other animals. The '014 Patent consists of one independent claim.

8. Hunters use animal feeders to attract animals to a specific feed area by offering them a place to congregate and eat. Feeders allow the hunter to plan and predict the animal's movements. Standard animal feeders are not configured to prevent unwelcome wildlife, such as

raccoons, from infiltrating the feed source and stealing the feed material. Further, typical animal feeders only spread the feed material a short distance from the feeder with much of the feed material being deposited directly underneath it.

9. To solve these and other problems, the invention taught in the '014 Patent is constructed to be resistant to the theft of the feed material by raccoons and other wildlife. It also provides superior spreading of the feed material around the deer feeder to create a much wider feed area.

10. The deer feeder taught in the '014 Patent is comprised of a hopper body, a lower housing and support struts connecting the two. The feeder has at least one base leg attached to the lower housing to support the lower housing.



Fig. 1
(The '014 Patent, Figure 1).

11. The hopper body comprises a hopper body interior for storing the feed material and a feed outlet opening. The lower housing is formed by an annular wall that extends upwardly to a lower perimeter (the annular wall has a smaller diameter than the lower housing). An annular flange extends outwardly from the lower perimeter of the annular wall. Inside the lower housing is a motor and a retracting mechanism operably connected to a feed spreader and the motor. The feed spreader moves relative to the annular wall and the annular flange via the retracting mechanism. The retracting mechanism extends from the space surrounded by the annular wall and the annular flange to above the annual flange. The retracting mechanism is further connected to a guide shaft that does not connect to the hopper body, a rotating element, a spring (for biasing the feed spreader up to a closed position to block the flow of the feed material) and a pair of weighted tension elements. When the user turns on the motor, the motor rotates the feed spreader, the guide shaft, the spring and the weighted tensions elements creating centripetal force. The weight of the force on the weighted tension elements pulls down the spring, which pulls down the feed spreader and uncovers the feed outlet. When the feed outlet is open, the feed material falls from the bottom of the hopper body interior and the opposite centrifugal force ejects the feed material outward.



Fig. 3

(The '014 Patent, Figure 3).

12. The hopper body and the lower housing are joined by support struts, which support the hopper body above the lower housing such that the feeder outlet opening is positioned above and spaced from the lower perimeter of the annular wall to form an annular feed discharge slot therebetween.

13. At least one base leg is attached to the lower housing for supporting the lower housing. The base leg is placed beneath the feed spreader so that it does not block the annular feed discharge slot.

14. These improvements to the standard deer feeder are taught in claim 1 of the '014 Patent. Claim 1 teaches:

> 1. A game feeder for scattering a feed material, the game feeder comprising:
>
> a hopper body that defines a hopper interior for storing the feed material;
>
> a feed outlet opening through the hopper body;
>
> a lower housing having a motor;
>
> an annular wall that extends upwardly from the lower housing to a lower perimeter, the annular wall having a smaller diameter than the lower housing;
>
> an annular flange that extends outwardly from the lower perimeter of the annular wall;
>
> support struts that connect the lower housing to the hopper body to support the hopper body above the lower housing, such that the feed outlet opening positioned above and spaced from the lower perimeter of the annular wall, to form an annular feed discharge slot therebetween;
>
> a feed spreader shaped and sized to cover the feed outlet opening;
>
> a retracting mechanism operably connected to the feed spreader and the motor, the retracting mechanism comprising:
>
>> a guide shaft operably connected to the motor and extending upwardly through an aperture of the feed spreader, the guide shaft being positioned beneath the feed outlet but not contacting the hopper body;
>>
>> a rotating element attached to the guide shaft such that the rotating element rotates with the guide shaft;
>>
>> a spring between the rotating element and the feed spreader, for biasing the feed spreader upwardly to a closed position wherein the feed spreader blocks the flow of the feed material; and
>>
>> a pair of weighted tension elements connecting the rotating element and the feed spreader, such that when the pair of weighted tension elements spin, the feed spreader is pulled downwardly by the pair of weighted tension elements to uncover the feed outlet opening, catch the feed material that falls downwardly through the feed outlet

> opening, and scatter the feed material through the annular feed discharge slot;
>
> wherein the retracting mechanism extends from the space surrounded by the annular wall to above the annular flange;
>
> wherein the feed spreader moves relative to the annular wall and the annular flange via the retracting mechanism; and
>
> at least one base leg attached to the lower housing for supporting the lower housing, wherein the at least one base leg is beneath the feed spreader and does not block the annular feed discharge slot.

### 3. ASF begins manufacturing and offering for sale an infringing deer feeder after MB Ranch King filed its patent application for its improved deer feeder

15. On April 8, 2016, MB Ranch King filed its continuation-in-part patent application for the deer feeder. After filing its patent application, MB Ranch King discovered ASF was manufacturing and selling its new "Monolith Feeder," which included MB Ranch King's patent-pending technology. Before ASF began selling the Monolith Feeder, ASF sold standard deer feeders lacking MB Ranch King's improved technology as taught in claim 1 of the '014 Patent. Despite ASF having notice of MB Ranch King's patent rights, ASF continues to infringe claim 1 of the '014 Patent.

### 4. Background of MB Ranch King's fish feeder invention

16. MB Ranch King's other invention—as taught in the '331 Patent—relates to mechanical animal feeders for directionally discharging animal feed. The '331 Patent consists of 16 claims. Three claims—claims 1, 11 and 16—are independent claims. The remaining claims—claims 2-10 and 12-15—are dependent claims.

17. Fish feeders are used to attract fish to a specific feed area by offering them a place to congregate and eat. Standard fish feeders are not configured to have an adjustable base. The present invention, however, includes an adjustable base, allowing the user to rotate the feeder to

the right or left and to tilt the feeder either forward or backward, enabling a user to direct feed material to a targeted area.

18. The fish feeder taught in the '331 Patent is comprised of a hopper body and a mounting base comprised of ground support elements.



(The '331 Patent, Figure 1).

19. The hopper body has a hopper interior for storing the feed material and the upper perimeter is covered in a shroud. The hopper body is adjustably and pivotally mounted on the

8

mounting base and supported on a mounting wall for directing feed material through a feed outlet in a selected direction. The hopper body contains a feed dispensing mechanism mounted on it to receive the feed material from the feed outlet.  The feed dispensing mechanism dispenses the feed material at an angle that is adjusted via a pair of pivot bolts that adjust the positioning of the hopper body relative to the mounting base and its ground support elements. The pivot bolts each extend through a portion of the mounting wall and through one of the mounting base ground support elements, to pivotally mount the hopper body upon the pair of ground support elements.  By loosening the pivot bolts, the hopper body may be adjusted and tilted either forward or backward.

20. A fish feeder comprising a mounting base and hopper body that adjustably tilt is taught in claims 11, 12 and 16.  Claims 11, 12 and 16 teach:

> 11. An animal feeder for directionally dispensing a feed material, the animal feeder comprising:
>
> > a hopper body that defines a hopper interior for storing the feed material, the hopper body being supported upon a mounting wall;
> >
> > a mounting base for adjustably mounting the hopper body, the mounting base comprising a pair of ground support elements;
> >
> > a pair of pivot bolts, each of the pivot bolts extending through one of the mounting walls and through one of the ground support elements, to pivotally mount the hopper body upon the pair of ground support elements;
> >
> > a feed outlet through the hopper body; and
> >
> > a feed dispensing mechanism mounted on the hopper body to receive the feed material from the feed outlet and dispense the feed material at an angle that is adjusted via the positioning of the hopper body relative to the mounting base upon the pair of pivot bolts.
>
> 12. The animal feeder of claim 11, further comprising a shroud that is mounted over an upper perimeter the hopper body.
>
> 16. An animal feeder for directionally dispensing a feed material, the animal feeder comprising:

a mounting base;

a hopper body that defines a hopper interior for storing the feed material, the hopper body being pivotally mounted on the mounting base; and

a feed dispensing mechanism fixedly mounted to the hopper body so that the feed dispensing mechanism pivots along with the hopper body on the mounting base, the feed dispensing mechanism being positioned to receive the feed material from the feed outlet and dispense the feed material at an angle that is adjusted via the positioning of the hopper body relative to the mounting base.

**5. ASF begins manufacturing and offering for sale an infringing fish feeder after MB Ranch King filed its patent application for its improved fish feeder**

21.     On December 22, 2016, MB Ranch King filed its patent application for its fish feeder invention.  After filing its patent application, MB Ranch King discovered ASF was manufacturing and selling its new "D.A.M Fish Feeder" comprising of MB Ranch King's patent-pending technology.  On March 20, 2017, MB Ranch King sent ASF a cease and desist letter.  In the letter, MB Ranch King notified ASF that ASF infringed one or more claims in its pending patent application by advertising and offering for sale a fish feeder that adjustably tilts.  MB Ranch King also informed ASF that it believed ASF's infringement was willful and that ASF's "D.A.M Fish Feeder" was an intentional copy of the MB Ranch King fish feeder.  Despite ASF having direct and specific knowledge of its infringing activities, ASF continues to infringe claims 11, 12 and 16 of the '331 Patent.

## IV.     CLAIMS

### Count I. Infringement of the '014 Patent

22.     MB Ranch King repeats and realleges each of the allegations contained in paragraphs 1-21 above.

23.     ASF is making, using, selling and offering for sale the accused deer feeder in a manner that has infringed and infringes each element of claim 1 of the '014 Patent.

24. ASF is directly infringing, either literally or under the doctrine of equivalents, claim 1 of the '014 Patent.

25. ASF's patent infringement is deliberate, willful, intentional and with full knowledge of the '014 Patent and MB Ranch King's rights therein.

26. As a direct and proximate result of ASF's patent infringement of the '014 Patent, MB Ranch King is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty. ASF's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling MB Ranch King to the attorney's fees and costs incurred in this action.

## Count II. Infringement of the '331 Patent

27. MB Ranch King repeats and realleges each of the allegations contained in paragraphs 1-26 above.

28. ASF is making, using, selling and offering for sale the accused fish feeder in a manner that has infringed and infringes each element of claims 11, 12 and 16 of the '331 Patent.

29. ASF is directly infringing, either literally or under the doctrine of equivalents, claims 11, 12 and 16 of the '331 Patent.

30. ASF's patent infringement is deliberate, willful, intentional and with full knowledge of the '331 Patent and MB Ranch King's rights therein.

31. As a direct and proximate result of ASF's patent infringement of the '331 Patent, MB Ranch King is entitled to recover actual damages in an amount to be proven at trial, but in no event less than a reasonable royalty. ASF's conduct as alleged herein constitutes an exceptional case under 35 U.S.C. § 285, entitling MB Ranch King to the attorney's fees and costs incurred in this action.

## V.     REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION

32.     MB Ranch King repeats and realleges each of the allegations contained in paragraphs 1-31 above.

33.     MB Ranch King seeks an injunction because there is no adequate remedy at law. In the absence of the entry of a preliminary and permanent injunction by the Court, MB Ranch King will suffer serious irreparable harm and injury.

34.     The Patent Act permits the Court to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.  A patent holder seeking a permanent injunction must demonstrate that: (1) it has suffered irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardship between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 393 (2006).

35.     Upon information and belief, some or all of the improper and unlawful conduct of ASF alleged above is continuing and will continue in the future absent injunctive relief from the Court and MB Ranch King will continue to be damaged by the same.

36.     Specifically, ASF's infringement of the '014 and '331 Patents has caused and, unless restrained and enjoined, will continue to cause irreparable harm to MB Ranch King that cannot be adequately quantified or compensated by monetary damages alone and for which there is no adequate remedy at law.  Further, the public will not be disserved by any injunction entered by the Court.  MB Ranch King is entitled to preliminary and permanent injunctive relief preventing ASF from continuing to infringe the '014 and '331 Patents.

37. For the reasons stated, MB Ranch King requests that this Court enter an injunction enjoining ASF from making, using, selling, offering to sell or importing any products using the inventions disclosed in the '014 or '331 Patents in any animal feeders.

## VIII.   DEMAND FOR PRESERVATION OF DOCUMENTS

38. IT IS REQUESTED THAT ALL DOCUMENTS OR OTHER DATA COMPILATIONS WHICH IMPACT ON THE SUBJECT MATTER OF THIS LITIGATION BE PRESERVED AND THAT ANY ON-GOING PROCESS OF DOCUMENT DESTRUCTION INVOLVING SUCH DOCUMENTS CEASE.

## IX.   JURY DEMAND

39. MB Ranch King requests a trial by jury.

## PRAYER

MB Ranch King respectfully requests that following a jury trial, this Court enter a final judgment in favor of MB Ranch King and against ASF as follows:

(a) Award MB Ranch King damages for ASF's patent infringement, including actual damages of no less than a reasonable royalty;

(b) Award treble damages for ASF's willful infringement;

(c) Award MB Ranch King its attorney's fees and costs;

(d) Award pre- and post-judgment interest at the highest rate allowed by law;

(e) Enter an injunction against ASF and its officers, directors, affiliates, subsidiaries, agents, servants, employees, attorneys, and all persons and entities in active concert, privity, or participation with any of them from directly, indirectly or jointly infringing the '014 and '331 Patents; and

(f) Award MB Ranch King such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.
Texas Bar No. 04378900
jcleveland@belaw.com

BRACKETT & ELLIS
A Professional Corporation
100 Main Street
Fort Worth, TX  76102-3090
Telephone:  817/338-1700
Facsimile:   817/870-2265

ATTORNEYS FOR PLAINTIFF
MB RANCH KING MFG, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April, 2019, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Western District of Texas, using the electronic case filing system of the Court.  The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice of service of this document by electronic means.

/s/*Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.

920142-v2/15601-002000